**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAMES ALLEN RUCKS, JR., 1673125, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-2206-O |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.   Procedural Background**

Petitioner challenges his conviction for burglary of a habitation enhanced by two prior convictions. *State of Texas v. James Allen Rucks, Jr.*, No. F-0961051-H (Crim. Dist. Ct. No. 1, Dallas County, Tex., Oct. 1, 2010). On October 1, 2010, the court sentenced Petitioner to twenty-five years in prison.

On June 29, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. *Rucks v. State*, No. 05-10-01387-CR (Tex. App. – Dallas 2011, pet. ref'd). On December 14, 2011, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

On March 20, 2012, Petitioner filed a state habeas petition. *Ex parte Rucks*, No. 68,595-06. On June 6, 2012, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On June 27, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues:

1. He received ineffective assistance of trial counsel when counsel:

    (a) failed to inform him of his right to appeal; and

    (b) failed to object to his twenty-five year sentence;

2. He received ineffective assistance of appellate counsel;

3. His trial was unfair and prejudicial; and

4. His guilty plea was involuntarily entered.

## II.    Discussion

**1.    Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Guilty Plea**

Petitioner argues his guilty plea was involuntary because he was actually innocent and pled guilty only to obtain drug treatment. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In this case, the record shows Petitioner enter his plea freely and voluntarily. Petitioner signed a judicial confession where he admitted he was guilty as charged in the indictment, and he admitted committing the enhancement felonies. (*Ex parte Rucks* at 29). He signed a plea agreement stating that he was going open to the court for sentencing. (*Id*. at 27-28.) The plea agreement informed Petitioner that his range of punishment was twenty-five years to life in prison. (*Id*.)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

Additionally, at the plea hearing, Petitioner stated he read and reviewed the indictment with his attorney. (Plea Tr. at 5.) He stated he understood the charges against him and the range of punishment. (*Id*. at 4.) The court informed Petitioner that there was no plea agreement with the prosecutor, so the court would sentence Petitioner "anywhere in the range of punishment." (*Id*. at 5.) Petitioner stated he understood. (*Id*.) Petitioner stated he was pleading guilty voluntarily and that no one had forced him to plead guilty. (*Id*. at 6.) Petitioner has failed to show that he did not freely and voluntarily enter his guilty pleas.

3. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Trial Counsel

Petitioner states his trial counsel was ineffective because counsel failed to inform him of his right to appeal, and failed to object to the twenty-five year sentence. The record shows that Petitioner timely appealed his conviction and that the appellate court considered his appeal to be timely filed. *See*, *Rucks v. State*, No. 05-10-01387-CR (Tex. App. – Dallas 2011, pet. ref'd). Petitioner has failed to show he was prejudiced by his trial counsel's alleged failure to inform him of his right to appeal. Additionally, Petitioner has failed to state what objection his counsel should have raised to the twenty-five year sentence. At the time Petitioner pled guilty, the court informed him that the minimum sentence was twenty-five years in prison. (Plea Tr. at 4.) Petitioner stated he understood the range of punishment. (*Id*.) The court sentenced Petitioner to the minimum statutory sentence. Petitioner's claim of ineffective assistance of counsel should be denied.

### B. Appellate counsel

Petitioner states his appellate counsel was ineffective because she failed to listen to his suggestions and she raised a claim that was not appealable. Petitioner, however, does not state what claim or claims his counsel should have raised. Petitioner's claim is therefore conclusory. To the extent he argues that the trial court abused its discretion in sentencing him to prison rather

than to a treatment program, appellate counsel raised this claim. Petitioner's ineffective assistance of counsel claim should be denied.

**4.    Unfair Proceedings**

Petitioner claims his criminal proceedings were unfair. He claims the prosecutor would not offer him a plea bargain because the victim of the burglary of a habitation was a police officer. He also claims the prosecutor untruthfully argued at sentencing that Petitioner attempted to steal a number of items during the burglary, while Petitioner states he only had a backpack of items. Additionally, he claims the court was unfair when it sentenced him to prison rather than treatment. Petitioner has stated no federal or constitutional claim for relief. The prosecutor is not required to offer a plea bargain agreement. Further, Petitioner admitted he was guilty of the offense and the enhancement paragraphs and the court sentenced him to the minimum statutory sentence. Petitioner's claim is without merit and should be denied.

**5.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 6th day of August, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**